# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1708-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PETER L. CARATINI,

     Defendant-Appellant.

_____

Submitted March 16, 2022 – Decided March 22, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 09-06-1118.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Peter L. Caratini appeals from a June 16, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely filed and otherwise lacked merit.

Following a jury trial in 2010, defendant was convicted of multiple crimes charged in a Bergen County indictment – including aggravated sexual assault and endangering the welfare of a child – for sexually assaulting his live-in girlfriend's daughter. The victim testified the abuse began when she was twelve or thirteen years old, occurred twice weekly, and finally ceased when she attended college after reporting the incidents to a college campus psychologist. Defendant filmed some of the acts.

The State's proofs at trial also included defendant's post-arrest statement to police, admitting he began sexual relations with the victim when she was fifteen or sixteen years old. Testifying on his own behalf at trial, defendant acknowledged he waived his Miranda[1] rights, but contended he was still intoxicated from the evening before and misspoke under the officers' rapid-fire questioning. Defendant told the jury his romantic relationship with the victim

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1708-20

commenced at her behest, when she was nearly eighteen years old, and it was her idea to videotape their encounters.

Defendant was sentenced in October 2010 to an aggregate prison sentence of forty years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions and sentence but remanded to correct certain fines. State v. Caratini, No. A-5399-11 (App. Div. Aug. 21, 2015). The Court denied certification. 224 N.J. 526 (2016).

More than eight years after the judgment of conviction (JOC) was entered, defendant filed a pro se petition for PCR in March 2019. His accompanying 195-page pro se brief raised eight points, asserting a variety of overlapping trial errors, and that his sentence was "manifestly excessive." Defendant also claimed trial counsel was ineffective.

PCR counsel thereafter filed a supplemental brief, arguing an evidentiary hearing was necessary to explore defendant's contentions that trial counsel failed to properly investigate and prepare defendant's case. Acknowledging the petition was untimely, PCR counsel contended defendant's "various illnesses" excused his nearly three-and-a-half-year delay in filing for PCR.

Following argument, Judge James X. Sattely reserved decision. The following month, the judge issued a cogent written opinion, denying PCR as

3

time-barred and otherwise lacking in merit. Judge Sattely squarely addressed the issues raised in view of the requirements set forth in Rule 3:22-12(a)(1)(A) (prohibiting the filing of a PCR petition five years after entry of the JOC unless the defendant demonstrates "excusable neglect" and "a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice").

Noting defendant's petition was devoid of "any documentation or medical records" substantiating his reasons for the delay, the PCR judge determined defendant failed to establish excusable neglect that would otherwise warrant relaxation of the five-year time bar under the Rule. Id. Citing our Supreme Court's decision in State v. Mitchell, 126 N.J. 565 (1992), the judge further found the State would suffer "a great deal of prejudice" in this case, where the trial had concluded about a decade ago, see id. at 575 ("Achieving 'justice' years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable.").

Notwithstanding the time bar, the PCR judge denied defendant's petition on the merits under the framework established in Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective

4

assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Following his searching review of defendant's pro se and counseled briefs, the PCR judge concluded defendant's contentions "that trial counsel failed to investigate, prepare, or litigate the case" were unsupported by any "concrete or specific examples." In essence, defendant cited no instances demonstrating trial counsel's performance was deficient, or his defense was prejudiced. Because defendant failed to establish a prima facie case of ineffective assistance of counsel, the PCR judge concluded defendant was not entitled to an evidentiary hearing. See e.g., State v. Jones, 219 N.J. 298, 311 (2014); State v. Preciose, 129 N.J. 451, 462 (1992). This appeal followed.

On appeal, defendant raises the following points[2] for our consideration:

POINT I

THE PCR COURT ERRED IN FINDING THAT THE PETITION FOR [PCR] WAS TIME BARRED.

---

[2] Defendant also filed a pro se supplemental brief. It is difficult to discern the arguments he raises, although they appear to involve allegations against PCR counsel. We decline to consider issues raised for the first time on appeal. See State v. Robinson, 200 N.J. 1, 21 (2009); see also R. 3:22-4.

POINT II

BECAUSE        [DEFENDANT]        RECEIVED
INEFFECTIVE ASSISTANCE OF COUNSEL, THE
PCR    COURT    ERRED    IN    DENYING
[DEFENDANT]'S PETITION FOR PCR

[A.] Defense Counsel was Ineffective, For Among
Other  Reasons,  Failing  to  Move  to  Suppress
Defendant's Statement to the Police from Trial.

POINT III

IN THE ALTERNATIVE, BECAUSE THERE ARE
GENUINE  ISSUES  OF  MATERIAL  FACT  IN
DISPUTE, THE PCR COURT ERRED IN DENYING
AN EVIDENTIARY HEARING.

We  have  considered  defendant's  renewed  arguments  in  view  of  the
applicable law and the record, and conclude they lack sufficient merit to warrant
extended  discussion  in  a  written  opinion.    R. 2:11-3(e)(2).    We  affirm
substantially for the reasons articulated by Judge Sattely in his well-reasoned
decision.  We add only the following brief remarks.

Defendant  belatedly  argues  his  PCR  petition  was  timely  because  he
asserted his sentence was "unjustly long" and "excessive" and contended trial
counsel  was  ineffective.    See  R.  3:22-2  (permitting  challenges  to  the
excessiveness of a sentence to be raised with other cognizable PCR grounds).

A-1708-20

Defendant's argument is fatally flawed for two reasons: (1) defendant's PCR petition did not assert the duration of his sentence was attributed in any respect to trial counsel's representation; and (2) we rejected defendant's excessive sentencing argument on direct appeal. See Caratini, No. A-5399-11 (slip op. at 11-13); see also R. 3:22-5 (barring PCR claims that were previously adjudicated).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION